# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK KEVIN WILSON** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:11cv126-HSO-JMR** |
| | § | |
| **CITY OF BILOXI,** | § | |
| **MISSISSIPPI,** *et al.* | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS BASED UPON LACK OF JURISDICTION, LACK OF RIPENESS, AND IMMUNITY; AND GRANTING DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS DEFENDANTS KENNETH WINDLAND AND MICHAEL E. DAVIS IN THEIR INDIVIDUAL CAPACITIES BASED UPON QUALIFIED IMMUNITY

BEFORE THE COURT are Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon lack of jurisdiction [11], lack of ripeness [13], and immunity [15]; Defendants' Supplemental Motion to Dismiss [33] Defendants Kenneth Windland and Michael E. Davis, in their individual capacities, based upon qualified immunity; and Plaintiff Mark Kevin Wilson's Motion to Strike [34]. All of these Motions have now been fully briefed.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Kevin Wilson ["Plaintiff"] filed a Complaint [1] in this Court on March 30, 2011, and an Amended Complaint [3] on May 11, 2011. He alleges that on September 1, 2009, he was involved in a motor vehicle accident with Defendant Kenneth Windland ["Officer Windland"], a Biloxi police officer, while Officer Windland was driving a marked City of Biloxi police vehicle. Am. Compl.

[3], at p. 3. Plaintiff contends that he sustained injuries, damages, and losses as a proximate result of Officer Windland's negligence. *Id.* According to Plaintiff, as he was traveling on Interstate 10 in Harrison County, Mississippi, Officer Windland, who was also traveling in proximity to Plaintiff, slowed his police vehicle from more than 70 miles per hours to nearly a complete stop without warning, attempted to move the vehicle across several lanes of traffic, and made contact with Plaintiff's vehicle. *Id.* Following the resulting collision, Defendant Michael E. Davis ["Officer Davis"], another Biloxi police officer, arrived on the scene and charged Plaintiff with "failure to yield to blue lights/sirens." *Id.* at p. 4.

Plaintiff later pled *nolo contendere* to the failure to yield charge in the Municipal Court of the City of Biloxi, Mississippi, and immediately appealed to the County Court of Harrison County, Mississippi, Second Judicial District. Pl.'s Resp. [25], at p. 2. On or about August 1, 2011, the County Court entered an Order for Entry of *Nolle Prosequi* [32-1], dismissing the failure to yield charge against Plaintiff without prejudice, on grounds that the alleged offense occurred outside the boundaries of the City of Biloxi, depriving the Biloxi Municipal Court of jurisdiction over the original charge, and the County Court of jurisdiction over the appeal.

Plaintiff alleges that Defendants committed abuse of process and conspired "to maliciously charge Plaintiff with groundless criminal charges," in order to avoid liability for the underlying accident and his injuries. Am. Compl. [3], at p. 4. Plaintiff maintains that Defendants

> conspired to charge Plaintiff with said crime(s), engaged in spoliation of evidence, withheld the existence of evidence, withheld the identities of

eyewitnesses, and falsified information, and in doing so acted for an unlawful purpose and/or to act unlawfully towards a lawful purpose.

*Id.* He contends that the City of Biloxi, through its officers,

> failed to interview and ascertain the identities of the witnesses to the accident, failed to keep a record of eyewitnesses present at the scene, failed to divulge the identities of known eyewitnesses, failed to follow proper procedures for investigating the accident, failed to keep and maintain evidence regarding the accident, and engaged in spoliation of evidence in furtherance of the violation of Plaintiff's rights.

*Id.* at p. 5. Plaintiff further asserts that the City of Biloxi ratified the actions of its officers, and that it had "policies, practices or customs in place which caused, ratified and/or furthered the violation of Plaintiff's rights . . . ." *Id.* Plaintiff advances claims pursuant to 42 U.S.C. § 1983 for Defendants' purported violations of his Fourth and Fourteenth Amendment rights under the United States Constitution, as well as state law claims for negligence, gross negligence, abuse of process, and malicious prosecution. *Id.* at p. 6. He asserts claims against Officer Windland for negligence per se, gross negligence, wanton indifference, and reckless disregard. *Id.* at p. 6.

Defendants filed their initial Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on June 13, 2011. On November 4, 2011, after the County Court had dismissed the failure to yield charge against Plaintiff, Defendants filed their Supplemental Motion to Dismiss [33] Defendants Kenneth Windland and Michael E. Davis, in their individual capacities, based upon the doctrine of qualified immunity. Plaintiff responded with a Motion to Strike [34] on November 18, 2011.

## II. DISCUSSION

A.    Plaintiff's Motion to Strike [34]

Defendants filed their Supplemental Motion to Dismiss [33] after briefing was complete on their original Motions to Dismiss [11], [13], [15]. Plaintiff moved [34] to strike this pleading as untimely and duplicative of the earlier briefing on the Motions to Dismiss. The original Motions [11], [13], [15], to Dismiss sought dismissal of these Defendants in their official capacities only. *See* Defs.' Mots. [11], [13], [15]; Reply [29], at p. 2. The Supplemental Motion [33] asserts that Officers Windland and Davis are entitled to qualified immunity, and asks the Court to dismiss the individual capacity § 1983 claims against Officers Windland and Davis. At the time Defendants filed the Supplemental Motion, the Court had imposed no deadlines for the filing of such a motion. Defendants' Supplemental Motion to Dismiss [33] was therefore not untimely, and it raises issues distinct from those presented in Defendants' earlier Motions. Plaintiff's Motion to Strike [34] will be denied.

B.    Defendants' Supplemental Motion to Dismiss [33]

      1.    Legal Standard

          a.    Rule 12(b)(6)

The Fifth Circuit Court of Appeals has recently explained that, in cases where a plaintiff seeks to impose liability upon a defendant under 42 U.S. C. §§ 1983, 1985, and 1986, as well as under Mississippi state law,

> [t]o survive dismissal pursuant to Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Our task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949).

*Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, - - - F.3d - - - -, 2012 WL 976349, *3 (5th Cir. 2012) (en banc).

> b.    Qualified Immunity under 42 U.S.C. § 1983

Liberally construing Plaintiff's Amended Complaint [3], he asserts causes of action under § 1983 against Officer Windland for negligence related to the vehicle collision, and against both Officers Windland and Davis for civil conspiracy, negligent investigation, reckless investigation, violations of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), abuse of process, and malicious or false prosecution, all in violation of the Fourth and Fourteenth Amendments. Defendants maintain that Plaintiff's § 1983 claims against Officers Windland and Davis, in their individual capacities, should be dismissed, because they are entitled to qualified immunity. Defs.' Suppl. Mot. [33], at p. 1.

"The doctrine of qualified immunity protects public officials from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)). To determine whether a public official is entitled to qualified immunity, we inquire: "(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2)

whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* (citing *Pearson*, 555 U.S. at 230–33, 129 S. Ct. at 815–16).

*Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011).

2.    <u>Analysis</u>

With respect to any claim regarding the purported negligence of either Officer Windland or Officer Davis, the Fifth Circuit has held that negligent conduct is not sufficient to state a claim under § 1983. *Checki v. Webb*, 785 F.2d 534, 538 (5th Cir. 1986) ("Where a citizen suffers physical injury due to a police officer's *negligent use* of his vehicle, no section 1983 claim is stated.") (emphasis in original) (citing *Cannon v. Taylor*, 782 F.2d 947, 948–50 (11th Cir. 1986)); *see also Hill v. Shobe*, 93 F.3d 418, 421–22 (7th Cir. 1996). Plaintiff's claims against Officer Windland for negligence in connection with the vehicle collision, and against both officers for any negligence in conducting their investigation, do not state a federal cause of action under § 1983.

Plaintiff also pursues § 1983 claims against Officers Windland and Davis for abuse of process and malicious or false prosecution. No clearly established, freestanding constitutional right to be free from malicious prosecution or abuse of process exists within the Fifth Circuit. *See, e.g., Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc) (malicious prosecution); *Sisk v. Levings*, 868 F.2d 159, 161–62 (5th Cir. 1989) ("misuse of legal procedure," including malicious prosecution, wrongful civil proceedings, and abuse of process). The Fifth Circuit has explained that "causing charges to be filed without probable cause will not

without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim." *Castellano*, 352 F.3d at 953. "The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued." *Id.* at 953. However, these claims of "lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983." *Id.* at 953–54.

Here, there is no allegation that Plaintiff was detained, searched, seized, arrested, or otherwise restrained in conjunction with this incident, so as to potentially fall under the umbrella of the Fourth Amendment. Rather, Plaintiff was cited for a traffic violation and permitted to leave the scene. Plaintiff has not articulated a violation of any specific constitutional right based on the facts here. As such, his malicious prosecution and abuse of process claims under § 1983 are neither independently cognizable nor clearly established, and they should be dismissed. *See id.*; *see also Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) ("it must be shown that the officials violated specific constitutional rights in connection with a 'malicious prosecution.'").

To the extent Plaintiff advances a claim based upon a reckless investigation under § 1983, it fails for the same reason. Such claims are neither independently cognizable, nor are they clearly established constitutional rights within the Fifth Circuit. *Hernandez v. Terrones*, 397 F. App'x 954, 2010 WL 4116737, *10 (5th Cir.

2010) (citing *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992)). While it is true that "conducting a reckless investigation could support other claims for violations of established constitutional rights," *id.*, Plaintiff has not articulated the violation of any specific, established constitutional rights in this context.

The Court next considers any theory Plaintiff may be pursuing pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), for the officers' purported withholding of exculpatory evidence. Though he did not specifically articulate such a claim in his Amended Complaint, Plaintiff alleges that Officers Windland and Davis failed to provide him with certain exculpatory evidence, including the identities of eyewitnesses to the incident.

*Brady* requires the government to disclose material, exculpatory evidence to a criminal defendant. *United States v. Walters*, 351 F.3d 159, 169 (5th Cir. 2003) (citing *Brady*, 373 U.S. at 87); *see Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir. 1988) (applying *Brady* to police officers). To establish a *Brady* violation, a defendant must show that:

> (1) the prosecution suppressed evidence; (2) the evidence was favorable to the petitioner; (3) the evidence was material either to guilt or punishment; and (4) nondiscovery of the allegedly favorable evidence was not the result of a lack of due diligence.

*Walters*, 351 F.3d at 169 (citing *Graves v. Cockrell*, 343 F.3d 465, 475 (5th Cir. 2003)). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 169–70 (quoting *Strickler v. Green*, 527 U.S. 263, 280 (1999)). The focus is "not upon the fact of nondisclosure, but upon the impact of the

nondisclosure on the jury's verdict." *United States v. Kubiak*, 704 F.2d 1545, 1550 (11th Cir. 1983) (quoting *United States v. Kopituk*, 690 F.2d 1289, 1339 (11th Cir. 1982)). The overarching purpose of *Brady*'s disclosure requirement is to ensure that the defendant receives a fair trial. *Powell v. Quaterman*, 536 F.3d 325, 336 (5th Cir. 2008).

In this case, no trial or conviction by a jury occurred. According to Plaintiff, he "did not actually plea [sic] guilty in the original municipal court action; he simply pled nolo contendere and immediately appealed to County Court in order to seek further discovery . . . ." Pl.'s Resp. [25], at p. 2. Plaintiff has not alleged that the result of the proceedings would have been different had the evidence he sought been disclosed to him prior to his plea in Municipal Court. Any nondisclosure of purportedly exculpatory evidence by Officers Windland and Davis was therefore not material, and will not support a finding of a *Brady* violation. *See Brady*, 373 U.S. at 87; *Walters*, 351 F.3d at 169. The Court finds it instructive that, in a case where a petitioner seeking habeas corpus relief had pled *nolo contendere* to the state charge, and later asserted a *Brady* violation based upon nondisclosure of information prior to entry of his plea, the Fifth Circuit held that "[b]ecause a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation." *Matthew v. Johnson*, 201 F.3d 353, 361–62 (5th Cir. 2000). Plaintiff states no *Brady* claim here.

Plaintiff's next claim against the officers in their individual capacities is one for civil conspiracy. "For liability under § 1983 to attach to a conspiracy claim, defendants must conspire to deny plaintiffs their constitutional rights . . . ." *Hill*, 93 F.3d at 422. Conspiring to do an act which does not itself violate the constitution is insufficient. *Id.*; *see Barber v. Quarterman*, 437 F. App'x 302, 2011 WL 3313211, *2 (5th Cir. 2011) (holding plaintiff did not state a claim for conspiracy under § 1983 because he was not deprived of any constitutional right); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984) (holding that while a conspiracy may be used to furnish the requisite state action under § 1983, it remains necessary to prove an actual deprivation of a constitutional right). Because Plaintiff has not alleged the deprivation of any clearly established constitutional right in connection with this incident, Officers Windland and Davis are entitled to qualified immunity on this claim as well.

In summary, Officers Windland and Davis are entitled to qualified immunity on Plaintiff's individual capacity § 1983 claims against them. Defendants' Supplemental Motion to Dismiss Plaintiff's § 1983 claims against Officers Windland and Davis, in their individual capacities, will be granted.

C.    Defendants' Motions to Dismiss [11], [13], [15]

Defendants also ask the Court to dismiss Plaintiff's official capacity § 1983 claims against Officers Windland and Davis, as well as against the City of Biloxi, pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon lack of jurisdiction [11], lack of ripeness [13], and immunity [15].

1.    <u>Ripeness and the Applicability of the *Heck* Bar</u>

Defendants contend that this matter is not ripe because, at the time they filed their original Motions [11], [13], [15], Plaintiff's appeal of his criminal charge remained pending in the County Court of Harrison County, Mississippi.  Mot. [11], [13], [15], at p. 2 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Because this charge has now been dismissed, *Heck* is inapplicable here, and Defendants' ripeness argument fails.  There is no longer any danger that success on Plaintiff's § 1983 action would call into question the validity of any criminal conviction.  Therefore, to the extent that Defendants ask the Court to dismiss Plaintiff's § 1983 claims for lack of ripeness pursuant to *Heck*, their Motions [11], [13], [15] will be denied in part.

2.    <u>Jurisdiction and Immunity Arguments</u>

Though Defendants have styled their Motions as also being based upon lack of jurisdiction [11] and the doctrine of immunity [15], they have not developed or explained these arguments in their Motions [11], [13], [15].  Rather, their remaining contentions essentially implicate a failure to state a claim analysis pursuant to Rule 12(b)(6).  Nor is the Court persuaded that it lacks jurisdiction or that any other grounds for immunity exist, beyond those previously discussed, as to Plaintiff's federal § 1983 claims.  The Court will therefore focus on Defendants' Rule 12(b)(6) challenge to the remaining § 1983 claims.

3.    <u>Official Capacity § 1983 Claims Against Officers Windland and Davis</u>

Defendants argue that Plaintiff's official capacity § 1983 claims against Officers Windland and Davis should be dismissed.  Defs.' Mots. [11], [13], [15], at p. 3; Joinder [18], at p. 1; Reply [29], at p. 2.  They maintain that "a suit against an employee of a local government entity in his or her official capacity is, in effect, not a suit against the official, but rather against the official's office," which is "no different from one against the governmental entity itself."  Defs.' Mems. [12], [14], [16], in Supp. of Mots., at pp. 7–8 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1998)).

Plaintiff appears to acknowledge that he is not pursuing official capacity § 1983 claims against Officers Windland and Davis.  He states that he "has alleged, inter alia, that the Defendant officers acted in their individual capacities (i.e., not their official capacities; see the last sentence of Paragraph VIII. of Plaintiff's Amended Complaint) . . . ."  Pl.'s Resp. [25], at p. 1.  He then states that "[w]hether or not the officers were acting in their official capacity or acting outside of their official capacity is a question of <u>fact</u> and is not proper for adjudication on a Motion to Dismiss."  *Id.*

For purposes of resolving this question, the Court considers whether Plaintiff has pled a legally cognizable § 1983 claim against Officers Windland and Davis in their official capacities.  Any § 1983 claims against these two officers in their official capacities are "in essence" claims against the City of Biloxi.  *Woodward v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (citing *Monell v. Dep't of Social Services*, 436 U.S.

658, 690 n.55 (1978)).  Municipal liability under § 1983 requires proof of three

elements: (1) a policymaker; (2) an official policy; and (3) a violation of

constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v.*

*City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

There is no allegation that either of these officers was a policymaker.  For this

reason alone, Plaintiff has not stated a § 1983 claim against either Officer Windland

or Officer Davis, in their official capacities, and such claims should be dismissed.  In

addition, because, as discussed previously, Plaintiff has not articulated the violation

of a constitutional right, another essential element of any official capacity § 1983

claim is lacking.

### 4.    Official Capacity Claims Against the City of Biloxi

Defendants next contend that Plaintiff's § 1983 claim against the City of

Biloxi must be dismissed.  The City argues that it cannot be held liable on a theory

of *respondeat superior*, and that the allegations here are insufficient to trigger

municipal liability.  Defs.' Mots. [11], [13], [15], at p. 3.  In his Amended Complaint

[3], Plaintiff alleges that

> [u]pon information and belief, the City of Biloxi ratified the actions of its
> officers.  Upon information and belief, the City of Biloxi had policies,
> practices or customs in place which caused, ratified and/or furthered the
> violation of Plaintiff's rights as described herein.

Am. Compl. [3], at p. 5.  Plaintiff further charges that

> [u]pon information and belief, the City of Biloxi had policies, practices or
> customs in place which caused, ratified and/or furthered the violation of
> Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress
> under 28 U.S.C. § 1983 [sic] for the officers' and the City of Biloxi's
> violation of his Fourth and Fourteenth Amendment rights.

*Id.*, at p. 6.

Municipal liability under § 1983 requires proof of the existence of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). As discussed earlier in the context of the qualified immunity analysis, Plaintiff has not shown the violation of a constitutional right. The Court is therefore unable to draw the reasonable inference that the City of Biloxi could be held liable under § 1983 for the misconduct alleged in the Amended Complaint.

Even if Plaintiff had properly alleged the violation of a constitutional right, Defendants argue that Plaintiff's § 1983 claim against the City of Biloxi must be dismissed because "Plaintiff has failed to establish an official policy or custom attributable to the City of Biloxi which is a vital pleading requirement for a § 1983 claim." Defs.' Mots. [11], [13], [15], at p. 3. Plaintiff responds that he has alleged that the City of Biloxi ratified the officers' conduct, which is sufficient to trigger municipal liability under § 1983. Pl.'s Resp. [25], at p. 4 (citing *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992); *Estate of Brutsche v. City of Federal Way*, 2007 WL 1101449, *6 (W.D. Wash. 2007)).

The United States Supreme Court has held that

> [a] municipality or other local government may be liable under [§ 1983] if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692, 98 S.

-14-

Ct. 2018, 56 L. Ed. 2d 611 (1978). But, under § 1983, local governments are responsible only for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed.2 d 452 (1986) (citing *Monell*, 436 U.S., at 665–683, 98 S. Ct. 2018). They are not vicariously liable under § 1983 for their employees' actions. *See id.*, at 691, 98 S.Ct. 2018; [*Canton v. Harris*, 489 U.S. 378, 392, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)]; *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (collecting cases).

Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S., at 691, 98 S. Ct. 2018; *see id.*, at 694, 98 S. Ct. 2018. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *See ibid.; Pembaur, supra*, at 480–481, 106 S. Ct. 1292; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). These are "action[s] for which the municipality is actually responsible." *Pembaur, supra*, at 479–480, 106 S. Ct. 1292.

*Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

A panel of the Fifth Circuit Court of Appeals has recently explained that it has

recognized ratification as a theory of liability against a municipality when the behavior of a state actor is approved by the policymaker. *Valle v. City of Houston*, 613 F.3d 536, 542–43 (5th Cir.2010). However, [the Fifth Circuit has] refused to find ratification simply because a municipality failed to punish an actor for those actions on one occasion and have refused to infer an official policy from a single isolated failure to punish an officer's misconduct. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

*Henderson v. Anderson*, 2012 WL 602656, *2 (5th Cir. Feb. 23, 2012).

Plaintiff has not pled sufficient factual content with respect to his "official policy or custom" or his "ratification" theories in order to state a colorable claim for § 1983 municipal liability. The Court is unable to draw the reasonable inference that the City of Biloxi could be held liable under § 1983 for the misconduct alleged

here.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Dismissal of Plaintiff's § 1983 claim as to the City of Biloxi is appropriate.  *See id.*

D.      Court's Jurisdiction over Remaining State Law Claims

The Amended Complaint advances state law claims for negligence, gross negligence, abuse of process, and malicious prosecution against all Defendants and negligence per se, gross negligence, wanton indifference, and reckless disregard against Officer Windland.  It appears that these claims fell within this Court's original jurisdiction over the case at the time it was filed.  In addition to federal jurisdiction based upon Plaintiff's initial § 1983 claims, the Court also possessed original, diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.  Defendants, who are Mississippi citizens, are completely diverse from Plaintiff, an Alabama citizen.  Compl. [1], at p. 1, Am. Compl. [3], at pp. 1–2.  In addition, the amount in controversy appears to exceed $75,000.00.[1]

---

[1]While neither the Complaint [1] nor the Amended Complaint [3] contained an *ad damnum* clause or demand for a specific amount of money, it is facially apparent that Plaintiff's claims are likely to exceed the jurisdictional minimum amount in controversy based upon the nature of the injuries alleged.  Plaintiff attached to his Complaint [1] a Notice of Claim [1-2] addressed to the City of Biloxi and dated August 31, 2010.  In it, Plaintiff further details his injuries and medical expenses, and states that he "seeks damages in this matter in the amount of $500,000.00, or the maximum amount of insurance coverage available in this matter, whichever is greater."  Notice of Claim [1-2], at p. 4.

Even if the Court did not possess original diversity jurisdiction over Plaintiff's remaining state law claims, it would exercise its discretion to maintain supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims asserted in his Amended Complaint [3] will therefore proceed in this Court.

III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Strike [34] will be denied, Defendants' Motions to Dismiss [11], [13], [15], will be granted in part and denied in part, Defendants' Supplemental Motion to Dismiss [33] will be granted, and Plaintiff's § 1983 claims will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Strike [34] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon lack of jurisdiction [11], lack of ripeness [13], and immunity [15], are **GRANTED IN PART and DENIED IN PART**, and Defendants' Supplemental Motion to Dismiss [33] Defendants Kenneth Windland and Michael E. Davis, in their individual capacities, based upon qualified immunity, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff's federal individual and official capacity claims under 42 U.S.C. § 1983 against Defendants Kenneth Windland, Michael E. Davis, and the City of Biloxi, are **DISMISSED**. Plaintiff's state law claims asserted in his Amended Complaint [3] against all

Defendants for negligence, gross negligence, abuse of process, and malicious prosecution, and against Officer Windland for negligence per se, gross negligence, wanton indifference, and reckless disregard, will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the stay of this case is lifted, and that the parties shall contact the Magistrate Judge within seven (7) calendar days of this Order to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED** this 6th day of April, 2012.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE