IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK KEVIN WILSON | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:11cv126-HSO-JMR |
| | § | |
| CITY OF BILOXI, | § | |
| MISSISSIPPI, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING AS UNOPPOSED
DEFENDANTS' MOTION TO DISMISS, AND GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the Motion to Dismiss [55] and the Motion for

Summary Judgment [65], filed by Defendants City of Biloxi, Mississippi, Michael E.

Davis, and Kenneth Windland.  Both Motions are fully briefed.  After due

consideration of the record, the submissions on file, and relevant legal authorities,

the Court finds that Defendants' Motion to Dismiss [55] should be granted as

unopposed, and their Motion for Summary Judgment [65] should be granted in part

and denied in part.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Kevin Wilson ["Plaintiff"] filed a Complaint [1] in this Court

on March 30, 2011, and an Amended Complaint [3] on May 11, 2011.  He alleges

that on September 1, 2009, he was involved in a motor vehicle accident with

Defendant Kenneth Windland ["Officer Windland"], a Biloxi police officer, while

Officer Windland was driving a marked City of Biloxi police vehicle.  Am. Compl.

[3], at p. 3.  Plaintiff contends that he sustained injuries, damages, and losses as a

proximate result of Officer Windland's negligence.  *Id.*  Following the collision, Defendant Michael E. Davis ["Officer Davis"], another Biloxi police officer, arrived on the scene and charged Plaintiff with "failure to yield to blue lights/sirens."  *Id.* at p. 4.

In his Amended Complaint, Plaintiff advances claims pursuant to 42 U.S.C. § 1983 for Defendants' purported violations of his Fourth and Fourteenth Amendment rights under the United States Constitution, as well as state law claims for negligence, gross negligence, abuse of process, and malicious prosecution. *Id.* at p. 6.  He asserts claims against Officer Windland for negligence per se, gross negligence, wanton indifference, and reckless disregard.  *Id.* at p. 6.  In an Order [39] entered on April 6, 2012, the Court dismissed Plaintiff's federal individual and official capacity claims under 42 U.S.C. § 1983 against all Defendants.  Order [39], at p. 17.  Surviving were Plaintiff's state law claims against all Defendants for negligence, gross negligence, abuse of process, and malicious prosecution, and against Officer Windland for negligence per se, gross negligence, wanton indifference, and reckless disregard.  *Id.*  Defendants have now filed the current Motions [55], [65] seeking dismissal of these remaining claims.

## II. DISCUSSION

### A.   Defendants' Motion to Dismiss [55]

Defendants argue that any and all of Plaintiff's "remaining state law claims fall under the purview of the Mississippi Tort Claims Act (Miss. Code Ann. § 11-46-1, et seq.)" ["MTCA"].  Defs.' Mot. to Dismiss [55], at p. 1.  They assert that

Plaintiff's claims for attorney's fees, prejudgment interest, and punitive and exemplary damages should be dismissed because they are unavailable under the MTCA. *Id.*

In his Response, Plaintiff simply states that he "concedes that punitive/exemplary damages, prejudgment interest and attorneys' fees are not recoverable as to Defendant City of Biloxi under the Mississippi Tort Claims Act." Pl.'s Resp. [60], at p. 1. The Court will grant Defendants' Motion to Dismiss as unopposed, and dismiss Plaintiff's claims for attorney's fees, prejudgment interest, and punitive and exemplary damages.

B.  Defendants' Motion for Summary Judgment [65]

    1.  Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671

F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

2.   Analysis

a.   Individual Capacity Claims Against Officers Windland and Davis

Plaintiff does not seem to dispute that Officers Windland and Davis were acting within the course and scope of their employment or duties and were engaged in the performance or execution of duties or activities relating to police protection at the relevant time.  *See, e.g.,* Am. Compl. [3], at ¶ VIII ("at all times whereof complaint is made herein, Kenneth Windland and Michael E. Davis were acting as agents, servants or employees of the Defendant, City of Biloxi, and within the course and scope of their employment with the Defendant, City of Biloxi"); Pl.'s Resp. [97], at p. 4 ("It is not disputed that Officer Windland may have been engaged in 'police protective activities' as defined under Mississippi law, since the Mississippi Supreme Court and Court of Appeals have given an incredibly broad definition to that term.").  Officers Windland and Davis cannot be held personally liable under Mississippi law for acts or omissions alleged to have occurred within the course and scope of their duties.  Miss. Code § 11-46-7(2); *see also Gale v. Thomas*, 759 So. 2d 1150, 1156–57 (Miss. 1999).  Plaintiff's state law claims asserted against Officers Windland and Davis in their individual capacities should be dismissed with prejudice, leaving for resolution his state law claims against the City of Biloxi and these two officers in their official capacities.

-4-

b.     <u>Official Capacity Claims Against All Defendants</u>

Defendants contend that they are entitled to immunity with respect to

Plaintiff's official capacity state law claims pursuant to Mississippi Code § 11-46-

9(1)(c).  Defs.' Mot. for Summ. J. [65], at pp. 1–3.  This statute provides that

> (1)     A governmental entity and its employees acting within the course
> and scope of their employment or duties shall not be liable for any
> claim:
>
> \*   \*   \*
>
> (c)     Arising out of any act or omission of an employee of a
> governmental entity engaged in the performance or
> execution of duties or activities relating to police or fire
> protection unless the employee acted in reckless disregard
> of the safety and well-being of any person not engaged in
> criminal activity at the time of injury . . . .

Miss. Code § 11-46-9(1)(c).

Because Plaintiff does not dispute that Officers Windland and Davis were

acting within the course and scope of their employment with the City of Biloxi, *see,*

*e.g.,* Am. Compl. [3], at ¶ VIII, the issues presented by Defendants' Motion are

whether Plaintiff was engaged in "criminal activity" at the time of his injury and, if

not, whether the officers acted in reckless disregard for his safety and well being,

*see* Miss. Code § 11-46-9(1)(c).

(1)     <u>Plaintiff's Claims Against City of Biloxi and Officer</u>
<u>Windland in His Official Capacity Related to the</u>
<u>Vehicular Accident</u>

Plaintiff's claims against Officer Windland in his official capacity, and

therefore against the City of Biloxi, stem from the vehicular collision which

occurred while Officer Windland was engaged in a police pursuit of another vehicle.

Plaintiff accuses Officer Windland of negligence per se, gross negligence, wanton indifference, and reckless disregard.  Am. Compl. [3], at p. 6.

> (a)   Whether Plaintiff was Engaged in Criminal
> Activity at the Time of His Injury

The City of Biloxi and Officer Windland maintain that Plaintiff was engaged in criminal activity at the time of the accident, such that they are entitled to immunity under Mississippi Code § 11-46-9(1)(c).[1]  Defendants contend that Plaintiff was charged with failure to yield to blue lights/sirens.  Defs.' Rebuttal [100], at p. 14 (citing Miss. Code §§ 63-3-809(1), 63-7-19).  They further assert that Plaintiff was speeding and that he was following the vehicle in front of him too closely.  *Id.* at pp. 14–15 (citing Miss. Code §§ 63-3-619, 63-3-201; *Mercier v. Davis*, 234 So. 2d 902 (Miss. 1970)).  According to Defendants, a causal nexus exists between Plaintiff's injuries and his criminal activities because the "wreck would not have happened if Plaintiff had not failed to yield to Officer Windland's blue lights, and if he had been driving prudently and not tailgating the car in front of him . . . ." *Id.* at pp. 15–16.

The Mississippi Supreme Court has stated that "[t]he criminal activity supporting the exemption must be more than fortuitous, but it applies to misdemeanors as well as felonies."  *Miss. Dept. of Public Safety v. Durn*, 861 So. 2d 990, 997 (Miss. 2003) (citation omitted).  "Misdemeanor traffic offenses are criminal

---

[1]Defendants raise this argument for the first time in their Rebuttal [100].  Even though it was not raised in their initial Motion or Memorandum Brief, or addressed in the Plaintiff's Response, the Court will consider it now.

activities within the statute." *Id.* (citation omitted).  However, "[f]or recovery from a governmental entity to be barred because of the victim's criminal activity, the criminal activity must have some causal nexus to the wrongdoing of the tortfeasor." *McCreary v. City of Gautier*, 89 So. 3d 703, 708 (Miss. Ct. App. 2012) (quoting *City of Jackson v. Perry*, 764 So. 2d 373, 379 (Miss. 2000)).

It is undisputed that Plaintiff pled *nolo contendere* to the failure to yield charge in the Municipal Court of the City of Biloxi, Mississippi, and immediately appealed to the County Court of Harrison County, Mississippi, Second Judicial District.  Defs.' Mem. in Supp. of Their Mot. for Summ. J. [66], at p. 4; *see also* Pl.'s Resp. [25] to Defs.' Mots. to Dismiss, at p. 2.  On or about August 1, 2011, the County Court entered an Order for Entry of *Nolle Prosequi* [65-5], dismissing the failure to yield charge without prejudice on grounds that the alleged offense occurred outside the boundaries of the City of Biloxi, depriving the Biloxi Municipal Court of jurisdiction over the original charge and the County Court of jurisdiction over the appeal.  Defs.' Mem. in Supp. of Their Mot. for Summ. J. [66], at pp. 4–5; *see also* Mot. for Entry of *Nolle Prosequi* [65-6], attached as Ex. "F" Defs.' Mot. for Summ. J. [65].

Defendants argue that Plaintiff was nevertheless engaging in "criminal activity" at the time of the accident due to his purported failure to yield to Officer Windland's lights and siren.  Defs.' Rebuttal [100], at p. 14 (citing Miss. Code §§ 63-3-809(1), 63-7-19).  They rely on Mississippi Code §§ 63-3-809(1) and 63-7-19.  *Id.* Mississippi Code § 63-3-809 provides in relevant part as follows:

> (1)     Upon the immediate approach of an authorized emergency vehicle, *when the driver is giving audible signal by siren, exhaust whistle, or bell*, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a law enforcement officer.
>
> \* \* \*
>
> (5)     A violation of this section is a misdemeanor punishable by a fine . . . .
>
> (6)     This section shall not operate to relieve the driver of an authorized emergency vehicle, a recovery vehicle, a utility service vehicle or a highway maintenance vehicle from the duty to drive with due regard for the safety of all persons using the roadway.

Miss. Code § 63-3-809(1), (5)–(6) (emphasis added).

Mississippi Code § 63-7-19 provides that "[e]xcept as otherwise provided for unmarked vehicles . . . , every police vehicle shall be marked with blue lights." Miss. Code § 63-7-19(1). It further provides that "[o]nly police vehicles used for emergency work may be marked with blinking, oscillating or rotating blue lights to warn other vehicles to yield the right-of-way." *Id.*

Officer Windland testified that he did not have his siren turned on at the time of the collision. Dep. of Kenneth Windland, at p. 36, attached as Ex. "B" to Pl.'s Resp. [97]; *see also* 30(b)(6) Dep. of City of Biloxi, Mississippi, through John Miller, at pp. 56–57, attached as Ex. "D" to Pl.'s Resp. [97]. Plaintiff has also presented the Affidavit of Obie Darnell Atwell, the person whom Officer Windland was pursuing. *See* Aff. of Obie Darnell Atwell, at p. 1, attached as Ex. "J" to Pl.'s Resp. [97]. According to Mr. Atwell, "[a]t no point during these events did the

officer have on blue lights or sirens." *Id.*[2]  Construing all facts and inferences in the light most favorable to Plaintiff as the non-movant, there remain questions of fact as to whether Officer Windland engaged his lights and/or siren prior to the collision with Plaintiff, and whether Plaintiff was in violation of Mississippi law and engaging in "criminal activity" at the time of the accident based upon his purported failure to yield.

Defendants argue that Plaintiff was speeding immediately prior to the accident.  Rebuttal [100], at p. 14.  There does not appear to be any dispute that the posted speed limit in the area was 70 miles per hour.  *See, e.g.,* Miss. Code § 63-3-501.  Defendants point to the deposition of Joey Rockco.  Mr. Rockco testified that Plaintiff was traveling at about 75 miles per hour.  *Id.* at p. 14 (citing Dep. of Joey A. Rockco, at p. 32, attached as Ex. "B" to Defs.' Rebuttal [100]).  Plaintiff's sworn deposition testimony indicates that he was driving only "[a]bout 65."  Dep. of Mark Kevin Wilson, at p. 21, attached as Ex. "A" to Defs.' Rebuttal [100].  A question of fact remains for trial as to whether Plaintiff was speeding and thus engaged in "criminal activity" prior to the accident.

The City of Biloxi and Officer Windland next maintain that Plaintiff was following the vehicle in front of him too closely, which contributed to the accident.

---

[2]The City of Biloxi and Officer Windland contend that Mr. Atwell's Affidavit should be disregarded because it does not contain his age and whether he was competent to provide a sworn affidavit.  Defs.' Rebuttal [100], at p. 9.  Defendants have not filed a Motion to Strike this document.  Out of an abundance of caution the Court will consider this Affidavit competent summary judgment evidence based upon Mr. Atwell's personal knowledge, pursuant to Federal Rule of Civil Procedure 56(c)(4).  Defendants also indirectly attack Mr. Atwell's credibility.  Rebuttal [100], at p. 9.  However, the Court does not weigh credibility at this stage.

Rebuttal [100], at pp. 14–15.  According to Plaintiff, he was traveling behind a white car which was about two car lengths ahead of him.  Dep. of Mark Kevin Wilson, at pp. 21–23, attached as Ex. "1" Pl.'s Resp. [97].  Even accepting Plaintiff's testimony that he was only traveling 65 miles per hour as true, Defendants argue that because Plaintiff was only two car-lengths behind the car directly ahead of him, he was in violation of Mississippi traffic laws.  *Id.* (citing Miss. Code §§ 63-3-619, 63-3-201; *Mercier v. Davis*, 234 So. 2d 902 (Miss. 1970)); *see* Dep. of Mark Kevin Wilson, at pp. 21, 23, attached as Ex. "A" to Defs.' Rebuttal [100].

Mississippi Code § 63-3-619, entitled "Tailgating," states in relevant part that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."  Miss. Code § 63-3-619(1).[3]  In *Mercier*, the Supreme Court found that "[f]ollowing another vehicle a distance of only thirty-six feet while traveling forty-five miles per hour and *under the attendant circumstances* seems to us to show overwhelmingly that defendant" violated the same substantive statute, then Section 8188(a), Mississippi Code 1942 Annotated (Supp. 1968).  *Mercier*, 234 So. 2d at 904 (emphasis added).  However, the facts in *Mercier* involved different traffic and highway conditions.  The parties there were traveling in a "lengthy line of traffic" in one lane of a two lane federal highway, *id.* at 903, rather than on a multi-lane interstate as in this case.  The "attendant

---

[3]Section 63-3-201 makes it a misdemeanor for any person to do an act forbidden by Title 63, Chapter 3, or to fail to perform any act required by that Chapter.  Miss. Code § 63-3-201.

circumstances" in *Mercier* are not identical to those here.  The Court finds that fact

questions remain as to whether Plaintiff was following another vehicle more closely

than is "reasonable and prudent," given the speed of those vehicles and the traffic

conditions on the interstate at the time.  *See* Miss. Code § 63-3-619(1).

In summary, Defendants have not shown that there are no disputes of

material fact whether Plaintiff was engaged in "criminal activity" at the time of the

collision.

(b)     Whether Officer Windland Acted in Reckless
        Disregard for Plaintiff's Safety and Well Being

Defendants argue that Officer Windland did not act in reckless disregard for

Plaintiff's safety and well being, such that he is entitled to immunity pursuant to

Mississippi Code § 11-46-9(1)(c).  The Mississippi Supreme Court has recently

explained that

> "[r]eckless disregard" exceeds gross negligence and embraces willful and
> wanton conduct.  *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990,
> 994–95 (Miss. 2003) (quoting *City of Jackson v. Lipsey*, 834 So. 2d 687,
> 691–92 (Miss. 2003)).  The terms "reckless," "willful," and "wanton" refer
> to conduct that "is so far from a proper state of mind that it is treated in
> many respects as if harm was intended."  *Maldonado v. Kelly*, 768 So. 2d
> 906, 910 (Miss. 2000) (emphasis removed) (quoting *Maye v. Pearl River
> County*, 758 So.2d 391, 394 (Miss. 1999)).  "The usual meaning assigned
> to . . . [these] terms is that the actor has intentionally done an act of
> unreasonable character in reckless disregard of the risk known to him, or
> so obvious that he must be taken to have been aware of it, and so great
> as to make it highly probable that harm would follow."  *Maldonado*, 768
> So. 2d at 910 (emphasis removed) (quoting *Maye*, 758 So.2d at 394).  Such
> conduct "usually is accompanied by a conscious indifference to
> consequences, amounting almost to a willingness that harm should
> follow."  *Maldonado*, 768 So. 2d at 910 (quoting *Maye*, 758 So. 2d at 394).
>
> In determining whether someone's conduct constituted reckless
> disregard, this Court considers the totality of the circumstances.  *Davis*

-11-

v. City of Clarksdale, 18 So. 3d 246, 249 (Miss. 2009) (citing Phillips v. Miss. Dep't of Pub. Safety, 978 So.2d 656, 661 (Miss. 2008)). "The nature of the officers' actions is judged on an objective standard with all the factors that they were confronted with, . . . taking into account the fact that the officers must make split-second decisions." City of Jackson v. Powell, 917 So. 2d 59, 72 (Miss. 2005) (citing Graham v. Connor, 490 U.S. 386, 396–397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal citations omitted).

City of Jackson v. Gardner, 108 So. 3d 927, 929 (Miss. 2013).

The Court has held that

[t]he following factors may support a finding of reckless disregard in connection with a police pursuit: (1) length of the chase; (2) type of neighborhood; (3) characteristics of the streets; (4) presence of vehicular or pedestrian traffic; (5) weather conditions and visibility; (6) seriousness of the offense for which the police are pursuing the suspect; (7) whether the officer proceeded with sirens and blue lights; (8) whether the officer had available alternatives which would lead to the apprehension of the suspect besides pursuit; (9) existence of a police policy which prohibits pursuit under the circumstances; and (10) rate of speed of the officer in comparison to the posted speed limit. . . . It is appropriate for trial courts to consider all ten factors, and to look at the totality of the circumstances when analyzing whether someone acted in reckless disregard.

City of Jackson v. Gray, 72 So. 3d 491, 496–97 (Miss. 2011) (citations and quotation omitted).

To the extent Plaintiff asserts claims against Officer Windland in his official capacity, and thus against the City of Biloxi, for "negligence per se" and "gross negligence," such claims are barred by the MTCA as neither would rise to the level of "reckless disregard" or "willful and wanton conduct." See id.; see also Miss. Code § 11-46-9(1)(c). Nor has Plaintiff identified which statute Officer Windland allegedly violated in order to support of a claim of "negligence per se." Plaintiff's negligence per se and gross negligence claims against the City of Biloxi and Officer Windland cannot withstand summary judgment.

-12-

With respect to Plaintiff's wanton indifference and reckless disregard claims, the record is replete with conflicting versions of what actually occurred prior to the accident.  Given the factual inquiry required to ascertain whether Officer Windland acted in reckless disregard for Plaintiff's safety, the Court finds that genuine issues of material fact preclude summary judgment.

> (2)   Plaintiff's Claims Against All Defendants Related to Post-Accident Incidents

Plaintiff's remaining official capacity claims against Officer Windland, Officer Davis, and the City of Biloxi are for negligence, gross negligence, abuse of process, and malicious prosecution.  Am. Compl. [3], at p. 6.  These claims relate to a purported conspiracy "to maliciously charge Plaintiff with groundless criminal charges, with a motive other than bringing Plaintiff to justice, for the improper purpose of seeking avoidance of liability for the underlying accident and injuries." *Id.* at p. 4.

With respect to Plaintiff's claims for "negligence" and "gross negligence," there is no real dispute that Officers Windland and Davis were acting within the course and scope of their employment or duties and were engaged in the performance or execution of duties or activities relating to police protection at the relevant time.  *See, e.g.,* Am. Compl. [3], at ¶ VIII; Pl.'s Resp. [97], at p. 4.  Because the Mississippi Supreme Court has held that "'[r]eckless disregard' exceeds gross negligence and embraces willful and wanton conduct," *City of Jackson v. Gardner*, 108 So. 3d 927, 929 (Miss. 2013) (citing *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 994–95 (Miss. 2003)), Defendants cannot be liable for Plaintiff's claims for

mere negligence, or even gross negligence, *see* Miss. Code § 11-46-9(1)(c).  Summary judgment in Defendants' favor is therefore appropriate on these claims.

As for Plaintiff's claims for abuse of process and malicious prosecution, Defendants contend that even if the MTCA does not shield them from liability, Plaintiff cannot establish the essential elements of these claims.  Defs.' Mem. in Supp. of Their Mot. for Summ. J. [66], at pp. 10–13.  To maintain an abuse of process claim, a plaintiff must prove by a preponderance of the evidence:  (1) the defendant made an illegal use of a legal process; (2) the defendant had an ulterior motive; and (3) damage resulted from the perverted use of process.  *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005) (citing *McLain v. West Side Bone & Joint Ctr.*, 656 So. 2d 119, 123 (Miss. 1995)).  The "crucial element of this tort is the intent to abuse the privileges of the legal system."  *Allen*, 907 So. 2d at 303.  "An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued."  *State ex rel. Foster v. Turner*, 319 So. 2d 233, 236 (Miss. 1975).

Apparently at issue here are two of the traffic citations Officer Davis issued to Plaintiff.  Defendants maintain that Plaintiff cannot show that there was an illegal use of process involving these citations.  Defs.' Mem. in Supp. of Their Mot. for Summ. J. [66], at p. 13.  In his Response [97], Plaintiff addresses his malicious prosecution and abuse of process claims together.  Pl.'s Resp. [97], at pp. 8–10.  With respect to his abuse of process claim, Plaintiff appears to argue that

Defendants were aware of errors in the accident report and that others were relying on the report, yet Defendants failed to correct these errors. *Id.* at p. 10 (citing Dep. of Kenneth Windland, at pp. 49–51, attached as Ex. "B" to Pl.'s Resp. [97]).

Officer Windland testified in his deposition that the one inaccuracy he observed in the accident report was that Officer Davis's diagram depicted Mr. Atwell "in the middle lane and should have had him in the far right lane." Dep. of Kenneth Windland, at p. 48, attached as Ex. "B" to Pl.'s Resp. [97]. To his knowledge, Officer Windland believed the report was otherwise accurate. He did not attempt to correct the error because the report had already been issued, and because he did not notice the mistake until "probably over a year later." *Id.* pp. 48–49.

It is unclear what effect, if any, this discrepancy would have had on the prosecution of Plaintiff on the two traffic citations. Even construing the facts in the light most favorable to Plaintiff, the record is devoid of evidence that any Defendant made an illegal use of a process or had an ulterior motive with respect to the report or the use of process after it issued. *See Allen*, 907 So. 2d at 303. Defendants are entitled to summary judgment on Plaintiff's abuse of process claim.

For malicious prosecution, a plaintiff must prove the following elements:

(1)    the institution or continuation of original judicial proceedings, either criminal or civil;
(2)    by, or at the insistence of the defendants;
(3)    the termination of such proceeding in plaintiff's favor;
(4)    malice in instituting the proceedings;
(5)    want of probable cause for the proceedings; and
(6)    the suffering of damages as a result of the action or prosecution complained of.

-15-

*Bearden v. BellSouth Telecommunications, Inc.*, 29 So. 3d 761, 764 (Miss. 2010) (citation omitted).

Defendants argue that there is no evidence that Officer Windland took part in the investigation or issued any traffic citations to Plaintiff. Defs.' Mem. in Supp. of Their Mot. for Summ. J. [66], at p. 9 (citing Aff. of Kenneth Windland, attached as Ex. "A" to Defs.' Mot. [65], and Excerpts from Def. City of Biloxi's Resps. to Pl.'s Interrogs., attached as Ex. "B" to Defs.' Mot. [65]). They further contend that there is no evidence that Officer Davis acted without probable cause or with malice, or that there was a termination of the criminal proceedings in Plaintiff's favor, since the "failure to yield to blue lights" charge was dismissed without prejudice for a lack of jurisdiction. *Id.* at p. 11 (citing *Bearden v. BellSouth Telecommunications, Inc.*, 29 So. 3d 761 (Miss. 2010)).

Plaintiff focuses on the "failure to yield to blue lights/sirens" charge. He insists that Defendants knew the charge for "failure to yield to blue lights/sirens" was a "**legal impossibility**, from day one," under Mississippi Code § 97-9-72, but made no effort to have the charge dismissed. *Id.* (emphasis in original). Defendants counter that the basis of the charge against Plaintiff was Mississippi Code § 63-3-809(1) read in conjunction with Mississippi Code § 63-7-19.

The record does not support the conclusion that the prosecution of the traffic citation for "failure to yield to blue lights/sirens" terminated in "Plaintiff's favor" within the meaning of Mississippi law. *See Bearden*, 29 So. 3d at 764. The County Court entered an Order for Entry of *Nolle Prosequi* [65-5] dismissing the failure to yield charge against Plaintiff without prejudice for lack of jurisdiction. *See* Mot. for

Entry of *Nolle Prosequi* [65-6], attached as Ex. "F" Defs.' Mot. for Summ. J. [65].  In a case of first impression, the Mississippi Supreme Court considered in *Bearden* "whether a dismissal for lack of jurisdiction may constitute a favorable termination of proceedings sufficient to support a subsequent claim of malicious prosecution . . . ."  *Bearden*, 29 So. 3d at 764.  The Court "conclude[d] that the dismissal of the case for lack of jurisdiction does not reflect on the merits of the criminal case against [the plaintiff]."  *Id*. at 766.  For this reason, the dismissal of criminal charges for lack of jurisdiction would not support a subsequent action for malicious prosecution. *Id*.  The same is true here.  Accordingly, Plaintiff's claim for malicious prosecution cannot withstand summary judgment.  Finally, because summary judgment is appropriate on all official and individual capacity claims asserted against Officer Davis, he will be dismissed as a Defendant from this action.

C.    Bench Trial

Plaintiff demanded a jury trial in both his Complaint [1] and Amended Complaint [4].  After the Court dismissed Plaintiff's federal claims, Order [39], at p. 17, the Magistrate Judge entered a Case Management Order [44] setting this matter for a jury trial.  Defendants filed a Motion to Amend Case Management Order [56] on October 9, 2012.  The Magistrate Judge entered an Order [63] on October 30, 2012, granting the Motion to Amend [56] and ordering the Clerk of Court "to change the designation of this case and represent this case will be a bench trial."  Order [63], at p. 2.  The same day, the Magistrate Judge entered a Text Order clarifying that his Order [63] granted as unopposed the City of Biloxi's

Motion "as to Plaintiff's Mississippi Tort Claims Act allegations," but noting that "the Court made no finding as to Plaintiff's remaining allegations which involved non-Mississippi Tort Claims Act allegations against the remaining defendants." Oct. 30, 2012, Text Order.

Because the Court has now dismissed all claims against Officer Davis and all claims against Officer Windland in his individual capacity, the remaining state law claims are against Officer Windland in his official capacity and the City of Biloxi. These fall within the purview of the MTCA. *See* Miss. Code §§ 11-46-1 – 11-46-23; *see also, e.g.,* Miss. Code § 11-46-7(2) ("An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable"); *McCoy v. Lowndes Cnty., Miss.*, No. 1:08CV144-SA-JAD, 2009 WL 2986324, *10 (N.D. Miss. Sept. 15, 2009) ("To the extent Plaintiffs have alleged common law tort claims against the officers in their official capacity as deputy sheriffs of Lowndes County, these claims are properly construed as having been made directly against Lowndes County under the Mississippi Tort Claims Act"). Claims filed under the MTCA are for the Court, sitting without a jury, to hear and determine. Miss. Code § 11-46-13(1). Accordingly, all remaining claims in this case shall be tried to the Court sitting without a jury. *See id.*; *Simpson v. City of Pickens*, 761 So. 2d 855, 860 (Miss. 2000).

III.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss [55] will be granted as unopposed, and their Motion for Summary Judgment [65] will be granted in part and denied in part.  Plaintiff's claims against Officer Davis, as well as Plaintiff's claims against Officer Windland in his individual capacity, will be dismissed with prejudice.  Plaintiff's claims for negligence, negligence per se, gross negligence, abuse of process, and malicious prosecution against the City of Biloxi and Officer Windland, and any claims for attorney's fees, prejudgment interest, and punitive and exemplary damages, will also be dismissed with prejudice.  This matter will proceed to a non-jury trial on Plaintiff's remaining state law claims under the MTCA for wanton indifference and reckless disregard against the City of Biloxi and Officer Windland in his official capacity.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss [55] is **GRANTED AS UNOPPOSED**, and Plaintiff's claims for attorney's fees, prejudgment interest, and punitive and exemplary damages are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendants' Motion for Summary Judgment [65] is **GRANTED IN PART and DENIED IN PART**.  Plaintiff's claims against Officer Davis, Plaintiff's claims against Officer Windland in his individual capacity, and Plaintiff's claims for negligence, negligence per se, gross negligence, abuse of process, and malicious prosecution against the City of Biloxi and Officer Windland in his official capacity are **DISMISSED WITH**

-19-

**PREJUDICE**.  Plaintiff's remaining state law claims under the MTCA for wanton indifference and reckless disregard against the City of Biloxi and Officer Windland in his official capacity will proceed to trial before the Court, sitting without a jury.

**SO ORDERED AND ADJUDGED** this 21st day of May, 2013.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE